IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ROBERT GARZA, | |
|---|---|
| Petitioner, | 8:18CV276 |
| vs. | |
| BRAD HANSEN, | **MEMORANDUM AND ORDER** |
| Respondent. | |

Petitioner Robert Garza has filed a "Request for Relief of Judgment Under Rule 60(b)(3)(4)(5)" (filing no. 1), which has been docketed as a petition for writ of habeas corpus. Conducting an initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I conclude that the petition should be dismissed.

Garza seeks relief from the March 23, 1984 judgment of the Douglas County District Court of Nebraska convicting him of kidnapping and attempted second degree murder and sentencing him to consecutive sentences of life and fifteen to fifty years imprisonment. (*See* Filing No. 1 at CM/ECF pp. 8–11.) Garza asserts the trial court lacked jurisdiction and his convictions and sentences are void because (1) the trial court failed to vacate his conviction after discovering witness perjury; 2) the trial court, rather than the jury, found facts that enhanced Garza's punishment for kidnapping; (3) Garza was deprived of his right to appeal his conviction; (4) the prosecutor used peremptory challenges in a racially biased manner; and (5) the trial court failed to keep the jury together after being charged as required.

Garza has previously filed petitions for a writ of habeas corpus to set aside or vacate this same conviction and sentence. (*See Garza v. Britton, et al.*, Case No. 8:07CV338 (D. Neb. 2007) (dismissing petition for writ of habeas corpus brought

pursuant to 28 U.S.C. § 2254 with prejudice as successive); *Garza v. Britten*, Case No. 4:03CV3194 (D. Neb. 2003) (same); *Garza v. Hopkins*, 4:92CV3186 (D. Neb. 1992), *aff'd* 6 F.3d 782 (8th Cir. 1993)). However, it is clear from the form of the petition here that Garza seeks relief pursuant to Rule 60(b)(3), (4), and (5) of the Federal Rules of Civil Procedure[1] as a stand-alone request and has not sought to raise his present request for relief in any of his closed federal habeas cases. Garza cannot use Rule 60 to attack his state criminal judgment.

"It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008). "At best, in its discretion a district court may choose to interpret a 60(b)(4) motion attacking a state criminal judgment as a § 2254 petition, but all the strictures of AEDPA will apply." *Id.* (citing *Gonzalez v. Crosby,* 545 U.S. 524, 531–35 (2005) (explaining proper role of Rule 60(b) in habeas cases)).

---

[1] Rule 60(b) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void; [or]
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ."

Fed. R. Civ. P. 60(b)(3), (4), & (5).

Construing Garza's Rule 60 motion as a § 2254 habeas petition, likewise, affords him no relief. As stated, Garza unsuccessfully challenged this same judgment of conviction in this court in Case Numbers 8:07CV338, 4:03CV3194, and 4:92CV3186. Thus, Garza would be required to seek the permission of the Court of Appeals to commence this successive action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's habeas corpus petition (filing no. 1) is denied and dismissed with prejudice. The court will not issue a certificate of appealability in this matter. A separate judgment will be entered in accordance with this order.

Dated this 31st day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge